GEORGE N. COLBY *vs.* JOSEPH W. SAWYER, appellant.

Washington. Opinion December 27, 1884.

*Appeals. Recognizance.*

No recognizance, with or without sureties, need be made by an appellant from the decision of a trial justice, or of the municipal court of Calais, unless it be required by the adverse party.
*Dolloff* v. *Hartwell*, 38 Maine, 54, overruled.

AN appeal from the municipal court of Calais.

On motion of the appellee to dismiss, the presiding justice ruled that the court had no jurisdiction of the case, on the ground that the record does not show that the appeal was perfected, inasmuch as there was no recognizance. To this ruling, the appellant alleged exceptions.

*R. J. McGarrigle*, for the plaintiff.

*John F. Lynch*, for the defendant.

EMERY, J. By section 32, of chapter 325, of special laws of 1883, the act establishing the Calais municipal court, appeals are to be taken from that court in the same manner as from trial justices. "Before such appeal (from trial justices) is allowed, the appellant shall recognize with sufficient surety or sureties to the adverse party if required by him," &c. R. S.,

c. 83, § 19. The question in this case is whether the proviso, " if required by him, " in the statute, applies to the matter of surety only, or applies to the recognizance itself.

Grammatically, the proviso clearly applies to, and modifies the entire preceding clause. If any part is to be selected as alone modified by the proviso, why should it not be the adjunct " to the adverse party? " This adjunct is nearer the proviso, while the adjunct " with sufficient surety or sureties, " is in the middle of the clause. With such a grammatical construction, the meaning would be that a recognizance must be made, but it need not be to the adverse party, unless required by him. Such a construction would be absurd, yet there is as much reason for it, as for such a construction as would limit the proviso to the other adjunct.

A recognizance without a surety would be utterly useless. It would not afford the slightest additional security, since the appellee's execution would be a sharper and more effectual remedy, than a right of action on a mere personal recognizance. The pith and value of the recognizance are in the sureties. In *Vallance* v. *Sawyer*, 4 Maine, 62, the doctrine is recognized, that a statute requiring a recognizance - *with* sureties, may be satisfied with a recognizance *by* sureties alone, without any personal recognizance by the party. Chief Justice MELLEN cited several English cases, construing the statute 3 Jac. 1, cap. 8, as to recognizances, and then said, " This construction is in perfect compatibility with the design of the law. The object in that case, and in the provision of our statute on the subject, is to furnish security for the benefit of the other party. The plaintiff in error in one case, and the appellant in the other, is himself liable without a recognizance. The object was to furnish additional security by the liability of the sureties ; if sureties recognize, that object is attained."

Precisely the same question was before the court in Massachusetts, in *McKeag* v. *O'Donnell*, 10 Allen, 543, the language of the Massachusetts statute being identical. In strong language, the court declared that the statute admitted of no other construction than that the proviso applied to the whole matter of recognizance, and that none need be given, if not required.

The appellee's counsel, however, cites some former decisions; of this court, which we must consider. *Hilton* v. *Longley*, 30 Maine, 220, was a case of an appeal from the district court, where the statute contained no proviso. Hence that case is not, in point. *Bennett* v. *Green*, 46 Maine, 499, presented a question of costs only. No exceptions were taken to the ruling dismissing the appeal, hence there was no decision of the law court on that question. In *Dolloff* v. *Hartwell*, 38 Maine, 54, it is not quite clear whether the exceptions were to the exclusion of the evidence offered to impeach the record, or to the ruling dismissing the appeal. Assuming the exceptions to have been to both, as would be reasonable, the case seems to be in point, and must be met. The opinion is brief, and the report meagre, without any statement of the points made by counsel, but it seems to us that the main contention was upon the admissibility of the impeaching evidence, and that the necessity of a recognizance was not much contested. The case of *Vallance* v. *Sawyer* does not seem to have been brought to the attention of the court. The case of *Dolloff* v. *Hartwell*, was also considered by Judge DAVIS in an additional opinion in *Stetson* v. *Corinna*, 44 Maine, 43, and there said not to be a binding authority.

We fully appreciate the importance of the doctrine of *stare decisis*. It is the decision in *Dolloff* v. *Hartwell* that has caused us to consider this case at so much length. We do not think, however, one such decision should prevail against what seems to us the clear, rational, unquestionable meaning of the statute. Plainly and directly read, the language of the statute means that there is to be a certain kind of recognizance, if the adverse party requires it. The nature of the recognizance, whether with or without surety, is fixed by the statute. The appellee cannot require any other. If he does not require the recognizance provided in the statute, it need not be made.

> *Exceptions sustained. Order of dismissal reversed.*

PETERS, C. J., DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.